## NEW YORK COMMON PLEAS.

ASA H. FERGUSON, agt. THE METROPOLITAN GASLIGHT COMPANY.

*A Gas Company* is not bound to furnish a *separate meter* for each floor of a house, unless the owner or occupants put in separate or independent *service pipes*, to connect with the meter.

*General Term*, 1868.
*Present*—DALY P. J., BRADY AND CARDOZO J. J.

HOOPER C. VAN VORST, *counsel for appellants.*
·FRANCIS BYRNE, *counsel for respondent.*

*By the court*, BRADY, J. The plaintiff occupied one floor of a dwelling or tenement house in this city. The owner had·put in it the service pipes for gas, according to the regulations of the defendants. He applied for gas which was supplied through one meter, placed in the cellar of the house. He also applied for separate meters for each floor, which were not furnished by the defendants, and it would seem because he had not put into the house separate or independent service pipes for each floor to which the meter might be connected.

It does not appear that this application being refused, he took any steps to enforce his demand.

It is conceded that the pipes in the house were sufficient to serve it with gas, and that gas could be carried to all parts of it through them.

The plaintiff when he became an occupant, also applied for gas, and the defendants answered by saying that they had

already furnished it to the building, and refused to place a meter on the plaintiffs' floor, unless separate and independent service pipes were provided. The plaintiffs' application was not in fact alone for gas, but for a separate meter as well. He wanted the meter as he stated on the trial, and the question really involved in this controversy is, whether the defendants were bound to furnish it.

The plaintiff sues for a penalty under the sixth section of the act of 1859, (*Laws, p.* 698), which provides that all gas companies shall supply gas to the owner or occupant of any building or premises, which may be required for lighting it or them, upon a written application therefor to be signed by him. It also provides, that if for the space of ten days after such application, and the deposit of a reasonable sum as in the act provided (if required), the company shall refuse or neglect to supply gas, they shall pay to the applicant the sum of ten dollars and five dollars for every day thereafter during which such neglect or refusal shall continue.

It will be observed that there is no qualification on the obligation imposed by the statute. The gas must be furnished or a penalty is incurred, which continues from day to day, as long as the refusal or neglect to supply it is continued. It will also be observed, that the section referred to, does not either directly or indirectly require the company to furnish a meter, either to the owner or occupant, for the whole or any part of the premises, and the act is equally silent as to the mode by which the gas shall be conveyed through the houses.

The plaintiff seeks the enforcement of a penalty, and whether the statute be regarded as penal or remedial, and one, either to be strictly or liberally construed, his claim is not within its purview. Assuming that he is the occupant of premises within the meaning of the statute, which may well be questioned, and that he had the right to apply for gas, the answer to his demand is, that gas was supplied through the pipes provided by his landlord, which he could

use if he chose to do so, and the response disposes of his claim. The owner of the building had exhausted the power to compel the defendants to furnish gas, under section six of the act referred to. They had granted his application for it, although they had declined to furnish separate meters, a neglect or refusal of which to him, he alone could take advantage of. The gas having been thus furnished, no penalty was incurred by them, unless the omission to supply a meter to the plaintiff is fairly within the application for gas and included in it.

This cannot be. The meter is employed for the benefit not of the consumer but the company, and cannot be used without tests which the former may insist shall be applied § 5. If the company prefer, they may supply the gas without it, for aught that appears in this case. The statute does not require them to furnish it and that in itself may be sufficient to dispose of this case. If the statute be strictly construed, the defendants are not liable, because they have furnished gas to the building which includes the premises occupied by the plaintiff, and which only they were bound to furnish, and if it be liberally enforced, then the defendants should not be obliged to provide an article which is not required by the letter of the law, nor necessary to the plaintiff for the enjoyment of the light which he desires, nor should such a construction create a duty which under its provisions is not declared.

It must be said in addition, that if it were otherwise considered, that the defendants should not be prohibited from adopting reasonable rules with reference to the introduction of gas, protective of their own interests.

They proved on the trial, that it was not customary to put in separate meters such as demanded by the plaintiff, without separate service pipes, and that they were necessary to prevent "tapping," which would result in a fraud upon their rights. The legislature has by various provisions in the act of 1859, sought to guard them against fraud and

Ferguson agt. The Metropolitan Gaslight Co.

theft, and has taken the lead in anticipating violations of fair dealing, against which corporations as well as natural persons are guaranteed under our laws, the right to protect themselves, even in the discharge of duties imposed upon them.

For these reasons the judgment should be reversed.